# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| Tashonby Wilson,[1] | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 3:18-cv-00634-JMC |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Honorable Judge Keesley, and Prosecutor Bradley Pogue, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on April 3, 2018. (ECF No. 13.) The Report recommends that the court summarily dismiss Plaintiff Tashonby Wilson's Complaint (ECF No. 1) without prejudice and without issuance and service of process. (ECF No. 13.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report and **DIMISSISES** the Complaint **WITHOUT PREJUDICE**. (*Id.*)

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 13 at 1–6.) As brief background, Plaintiff, proceeding *pro se* and *in forma pauperis*[2], filed this instant Complaint on March 6, 2018. (ECF No. 1.) Plaintiff's Complaint alleges misconduct by Defendant Judge Keesley ("Defendant Keesley") during Plaintiff's bond hearing because Defendant Keesley purportedly allowed Defendant Prosecutor Bradley Pogue ("Defendant Pogue") to "make mockery of the law whereas Judge

---

[1] According to a records search conducted by the court, Plaintiff's name is misspelled and should be "Tashonby Wilson." Therefore, the clerk is directed to correct the caption in this case.
[2] At the time he filed his Complaint, Plaintiff was being held at the Lexington County Detention Center. Plaintiff has since been convicted and is now housed by the South Carolina Department of Corrections at the Kirkland Correctional Facility.

1

Keesley participated by allowing [the] prosecutor to present arguments of the case unknown to the defendant." (*Id.* at 1–2.) Plaintiff further alleges in his Complaint that he was deprived of due process because he was held without bond prior to a trial. (*Id*. at 4.)

The Report concluded that even though Plaintiff failed to indicate the relief sought and "failed to state a recognizable legal claim," the court construed the Complaint "as seeking relief pursuant to 42 U.S.C. § 1983." (ECF No. 13 at 3.) According to the Report, although the relief Plaintiff sought was an investigation into Defendant Keesley's actions during his bond hearing, such relief is unavailable in federal court unless it is "in the most narrow and extraordinary circumstances." *See Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). (*Id.*) The Magistrate Judge concluded that since Plaintiff has an ongoing state proceeding that implicates an important state interest in which Plaintiff has an opportunity to raise federal claims, Plaintiff is "precluded from seeking federal habeas relief at this time." (*Id.* at 4.) Further, claims in which Plaintiff seeks damages against Defendants pursuant to 42 U.S.C. §1983 would "fail because [D]efendant's would be immune from suit." (*Id.*) Here, Defendant Pogue would be immune from suit, according to the Magistrate judge, because his actions at the bond hearing were "intimately associated with the judicial phase of the criminal process." (*Id.* at 5 (citation omitted).) Similarly, Defendant Keesley has the protections of judicial immunity from damage claims arising out of his judicial actions. (*Id.* (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)).) The Magistrate Judge observed that judges are not to be deprived of their judicial immunity because of allegations of erroneous actions or actions taken maliciously. (*Id.* (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)).)

The parties were apprised of their opportunity to file specific, written objections to the Report on April 3, 2018. (ECF No. 13 at 7.) Plaintiff filed an Objection to the Magistrate Judge's

Report on April 17, 2018. (ECF No. 15.) Within his Objection, Plaintiff does not mention any issues with the Magistrate Judge's Report. (ECF No. 15.) Instead, Plaintiff reargues that his due process rights are violated because he continues to be incarcerated prior to the trial of this matter. (*Compare* ECF No. 1 at 4 *with*, ECF No. 15 at 1.) Defendants did not respond to either the Report or Plaintiff's Objection.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. §636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation, while this court "retains the ultimate responsibility of decision making." *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *Diamond v. Colonial Life and Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond*, 416 F.3d at 315 (quoting Fed. R. Civ. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12-cv-0118-GRA,

2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garret v. Elko*, No. 95–7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal court, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

On April 3, 2018, as part of the Report, the Magistrate Judge notified the parties of their right to file *specific*, written objections to the Report. (ECF No. 13 at 7.) Plaintiff's Objection did not state an error with the Magistrate Judge's Report. (ECF No. 15.) Plaintiff's Objection essentially restates arguments he advanced in his initial Complaint and, therefore, "do not direct the court to a specific error in the [M]agistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); (*compare* ECF No. 15, *with* ECF No. 1.)

In the absence of specific, written objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby*, 718 F.2d at 199. Absent specific objections, the court must only ensure that there is no clear error on the face of the record in order to accept a recommendation. *See Orpiano*, 687 F.2d at 47 ("Courts have also held de novo review to be unnecessary in analogous situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."). Furthermore, a failure to file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). The court concludes that the Report accurately summarizes the law and correctly applies it. (ECF No. 15.) Accordingly, construing

4

Plaintiff's Objection liberally, the court finds that he failed to advance any specific objections to the Report, and the court adopts the Report herein because there is no clear error. *Camby*, 718 F.2d at 199.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 13) and incorporates it herein. Accordingly, the court summarily **DISMISSES** Plaintiff's Complaint (ECF No. 1) without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 1, 2019
Columbia, South Carolina